ALD-235                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4744
_____

ELIJAH MUHAMMAD,

Appellant

v.

SILLS CUMMIS & GROSS P.C.; JAMES A. SCADUTO; BRUCE REINHART
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-13-cv-01680)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2015
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Elijah Muhammad appeals pro se from the District Court's order granting the defendants' motion for summary judgment. For the reasons set forth below, we will summarily affirm.

I

Muhammad began this age discrimination action against his former employer, Sills Cummins & Gross, P.C., in the District Court in March 2013. He was hired by Sills Cummins in November 1987 as an interoffice messenger in the Operations Department. Several years later, he became an office supply clerk in the same department, a position he held until he was terminated in September 2011, when he was 54 years old. Two other members of Operations, aged 33 and 36, were terminated on the same day. According to Muhammad, he was fired due to his age, although his supervisor informed him that Sills Cummins acted in order to reduce the size of the Operations Department from 12 to nine employees for "business reasons." Sills Cummins did not hire anyone to replace Muhammad, but two other Operations Department employees, aged 42 and 34, took over his duties.

Muhammad filed a discrimination claim with the Equal Employment Opportunity Council, which issued a right-to-sue letter at that time. Muhammad then brought this action in the District Court against Sills Cummins; Bruce Reinhart, Director of Office Operations and Facilities; and James Scaduto, Chief Human Resources Officer. Muhammad's amended complaint accused the defendants of age discrimination, and the District Court construed his suit as an Age Discrimination in Employment Act (ADEA)

2

action.  In June 2013, the District Court dismissed Muhammad's claims against Reinhart and Scaduto, and the case proceeded against Sills Cummins alone.  Although Muhammad acted pro se throughout most of the action, he was represented by counsel from August 19, 2014, until roughly November 10, 2014, when the District Court granted summary judgment.  During that period, Muhammad's attorney filed several letters requesting Sills Cummins' financial records, which he alleged were relevant to the age discrimination claim.  He also submitted a brief in opposition to Sills Cummins' motion for summary judgment.  The District Court denied the discovery request on November 7, 2014, and, days later, granted Sills Cummins' motion for summary judgment.  Muhammad appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal order and grant of summary judgment.  See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment).  We review for abuse of discretion the District Court's denial of Muhammad's discovery motion.  See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995).  We may affirm summarily if an appeal presents no substantial question.  3d Cir. LAR 27.4 & I.O.P. 10.6.

## III.

We begin with the District Court's dismissal of Reinhart and Scaduto, the individual defendants in this case.  Dismissal under Rule 12(b)(6) is appropriate if the

3

court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] [that] under any reasonable reading of the complaint, the plaintiff" is not entitled to relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). As a matter of law, the ADEA does not provide for individual liability. See Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006). Only the "employer" may be held liable under the ADEA, 29 U.S.C. § 623, and Muhammad's amended complaint did not allege that either Reinhart or Scaduto was his employer. The District Court therefore properly dismissed these claims.

The District Court properly denied Muhammad's motion for the discovery of Sills Cummins' financial records. We note that we will not disturb discovery orders "absent a showing of actual and substantial prejudice." Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010). Muhammad argued that because Sills Cummins cited business reasons for the reduction in force, the firm should be required to provide financial records that speak to its economic state. This argument is not persuasive because it conflates "business reasons" and "economic hardship." The District Court found, and we agree, that at no time did Sills Cummins claim that economic hardship motivated its decision to reduce the Operations Department. Rather, Sills Cummins' filings support their assertion that the layoffs were due to changing business needs based on, among other things, technological developments such as the predominant use of emails as opposed to faxes, which Operations employees once hand-delivered. Accordingly, Muhammad failed to demonstrate that the financial records he sought were

4

relevant to any claims or defenses in this action.[1]  See Fed. R. Civ. P. 26(b)(1).  The

District Court therefore did not abuse its discretion when it denied Muhammad's

discovery motion.

We turn now to the District Court's grant of Sills Cummins' motion for summary

judgment.  Summary judgment is appropriate "if, drawing all inferences in favor of the

nonmoving party, the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant

is entitled to judgment as a matter of law." Am. Eagle Outfitters v. Lyle & Scott Ltd.,

584 F.3d 575, 581 (3d Cir. 2009) (internal quotation marks omitted).

Muhammad has offered no direct evidence of discrimination.  In an indirect

evidence case, we continue to analyze claims like Muhammad's under the three step,

burden-shifting framework set up by the Supreme Court for Title VII cases in McDonnell

Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Smith v. City of Allentown, 589 F.3d

---

[1] Even if Muhammad had established that the financial records were relevant, he might
well be barred from raising this issue on appeal.  Under Fed. R. Civ. P. 56(d), if
Muhammad wanted the District Court to again consider his need for the records when
deciding the motion for summary judgment, he needed to attach to his response to the
summary judgment motion an affidavit or declaration specifying the needed discovery.
Although Muhammad's lawyer filed letters requesting Sills Cummins' financial records
on other occasions, his response to the motion for summary judgment did not include the
necessary affidavit or declaration.  See Dowling v. City of Phila., 855 F.2d 136, 139–40
(3d Cir. 1988) (addressing Rule 56(f), the predecessor to Rule 56(d)).  Except in "the
most exceptional cases, failure to comply with [Rule 56(d)] is fatal to a claim of
insufficient discovery on appeal." Bradley v. United States, 299 F.3d 197, 207 (3d Cir.
2002).  Because Muhammad was represented by counsel during this period, we must
construe his filings more strictly than we would if he had been acting pro se. See Higgs
v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

684, 691 (3d Cir. 2009).  To satisfy the first step and establish a prima facie claim of age discrimination, a plaintiff is required to show that: (1) he was over 40, (2) he was qualified for the position in question, (3) he was subject to an adverse employment decision, and (4) he was ultimately replaced by an employee who was sufficiently younger "to support an inference of discriminatory animus."  Smith, 589 F.3d at 689; see also Connors v. Chrysler Fin. Corp., 160 F.3d 971, 974 (3d Cir. 1998).  In the context of a reduction in force, in order to satisfy the fourth element, a plaintiff must show that the employer retained a sufficiently younger similarly situated employee.  Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 301 (3d Cir. 2004).  If the plaintiff makes a prima facie case of discrimination, the burden of production (but not the burden of persuasion, see Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)) shifts to the employer to show that the action it took was not discriminatory.  See Monaco, 359 F.3d at 300.  At that point, to defeat summary judgment and satisfy his burden under the third step of the McDonnell Douglas framework, the plaintiff must point to "evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision."  Kautz v. Met-Pro Corp., 412 F.3d 463, 467 (3d Cir. 2005).

Here, Muhammad clearly made out the first three elements of a prima facie case. He was over 40 years old at the time of his termination, his employment record indicated that he was qualified for his position, and he was subject to the adverse employment action of termination.  We will therefore confine our analysis of burden-shifting under McDonnell Douglas to the fourth element.  As to the final element of a prima facie case,

6

Muhammad presented evidence indicating that the employees who took over his duties were 13 and 22 years younger than him, and that the remaining employees in the Operations Department were also "sufficiently younger." See Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231, 236 (3d Cir. 1999) (holding that, in a reduction in force suit, age differences of eight and 16 years are sufficient to satisfy the fourth element of a prima facie case). This was sufficient. See id.

As to the next step of the McDonnell Douglas test, Sills Cummins satisfied its burden of production by pointing to evidence that it terminated Muhammad and two other employees, both of whom were under 40 years of age, to reduce the size of the Operations Department and to consolidate job functions. See Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996) (refusing to examine whether a managerial decision to reduce a workforce was economically appropriate). The District Court found, and we agree, that Sills Cummins therefore stated a legitimate nondiscriminatory reason for terminating Muhammad.

At the next stage of the McDonnell Douglas test, Muhammad failed, however, to point to evidence that contradicted Sills Cummins' stated reasons for his termination. Muhammad's attorney failed to file a responsive statement to Sills Cummins' statement of material facts, which asserted that Muhammad was let go as part of a reduction in force for business reasons and that two substantially younger employees were also terminated on the same day. Accordingly, the District Court treated those facts as undisputed. See Fed. R. Civ. P. 56(e)(2); Local Civil Rule 56.1. Muhammad's

opposition brief argued that Sills Cummins did not save money when it assigned his duties to two other Operations employees because those employees earn more than he did. This argument was not persuasive because it assumed, without pointing to supporting evidence, that the employees had no other duties than those which previously belonged to Muhammad. Muhammad's unsupported, conclusory statement that Sills Cummins' reasoning is not believable did not satisfy his burden of demonstrating pretext. See, e.g., Jones v. Sch. Dist. of Phila., 198 F.3d 403, 414 (3d Cir. 1999) (concluding that beliefs without factual support are insufficient to show a pretext for discrimination). He has thus failed to "present evidence contradicting the core facts" that Sills Cummins put forward as its legitimate reason for terminating him. See Kautz, 412 F.3d at 467. Accordingly, Muhammad did not satisfy his burden of persuasion, and the District Court properly granted summary judgment. See Kautz, 412 F.3d at 467.

IV.

For the reasons given, we will summarily affirm the judgment of the District Court.

8